IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES GRIMES, | § | |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND TAUREAN SINGH, | § | |
|     DEFENDANTS | | |

**DEFENDANTS COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY AND TAUREAN SINGH'S NOTICE OF REMOVAL**

Defendants file this notice of removal under 28 U.S.C. 1446(a).

A. Introduction

1. Plaintiff is Charles Grimes. Defendants are Companion Property and Casualty Insurance Company and Taurean Singh.

2. On April 21, 2015, plaintiff sued the defendants for alleged Deceptive Trade Practices pertaining to unfair claim settlement practices, misrepresentation of an insurance policy and various unfair and deceptive acts or practices associated with the handling of a claim for damages to his home and the contents of his home. The lawsuit was filed in the 217th District Court of Angelina County, Texas.

3. Defendant Taurean Singh was served on April 27, 2015 and Defendant Companion Property and Casualty Insurance Company was served on April 27, 2015. Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. 1446 (b).

B. Basis of Removal

4. Removal is proper because plaintiff joined Taurean Singh, a non-diverse defendant, solely to defeat diversity jurisdiction. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). There is no reasonable basis for believing that the plaintiff could recover from Taurean Singh in state court. *See Novelli v. Allstate Texas Lloyd's*, 2012 WL 949675 (S.D. Tex. Mar. 19, 2012); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Madison v. Vintage Pet, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997).

5. To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' *Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004)(quoting *Travis v. Irby*, 326 F. 3d 644, 646-47 (5th Cir. 2003). The test for improper joinder is whether the defendant has demonstrated that there is no

possibility of recovery. *Id.* A court may determine a plaintiff's possibility of recovery by conducting a Rule 12(b)(6) – type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

6. Rule 12(b)(6) allows dismissal if a plaintiff fails to "state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcraft v, Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed the Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

7. Under Fed. R. Civ. P. 8(a)(2), a plaintiff is not required to include "detailed factual allegations, but more than 'an adorned, the defendant-unlawfully-harmed-me accusation' is needed." *See Elsenshohn v. Tammany Parish Sherriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).

8. When a plaintiff makes claims against an adjuster, such as Taurean Singh, for actions that "can be accomplished by the insurer, such as Companion Property and Casualty Insurance Company, through an agent, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *See Nasti v. State Farm Lloyds*, 2015 WL 150468 (S.D. Tex. Jan. 9, 2015); *citing Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011); *see also Atascocita Realty Inc. v. Heritage Ins. Co.*, 2012 WL 4052914, at *3 (S.D. Tex. Sept. 13, 2012)(dismissing insured's claims against individual adjuster for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer").

9. For the reasons and rationale stated above, Taurean Singh has been improperly joined in the action.

10. Without Taurean Singh in the case, there is complete diversity of citizenship between the plaintiff and the remaining defendant, Companion Property and Casualty Insurance Company.

11. Although the defendants deny the damage claims of the plaintiff, the amount in controversy exceeds $75,000.00.

12. All of the defendants have been served, and all consent to the removal of this case to federal court. The undersigned attorney represents the defendants who have been sued and served in this lawsuit.

13. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C 1446(a).

14. Venue is proper in this district under 28 U.S.C. 1441(a) because the state court where the action has been pending is located in this district.

15. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## C. Jury Demand

16. Plaintiff did demand jury in the state court action.

## D. Conclusion

17. For these reasons, defendants ask the Court to remove the action to the United States District Court for the Eastern District of Texas, Lufkin Division, and requests that this Court retain jurisdiction for all further procedures.

18. All conditions and procedures for removal have been satisfied. Defendants have attached copies of all the following exhibits to this Notice in accordance with Local Rule CV-81:

| | |
|---|---|
| Exhibit "1" | All pleadings, process, orders, and filings in the state court action as required by 28 U.S.C. § 1446(a). |
| Exhibit "2" | Copy of State Court Docket Sheet |
| Exhibit "3" | List of Parties and Current Status of Removed Case |
| Exhibit "4" | List of Counsel |
| Exhibit "5" | List of Parties Having Requested Trial by Jury |
| Exhibit "6" | Names and Address of Court from Which Case is Being Removed |

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412 (Telephone)
(409) 838-6959 (Facsimile)

By: /s/ Michael J. Truncale
Michael J. Truncale
Attorney-in-charge
State Bar No. 20258125
mjt@obt.com
Monica L. Wilkins
State Bar No. 24043968
mwilkins@obt.com

ATTORNEYS FOR DEFENDANTS,
COMPANION PROPERTY AND CASUALTY
INSURANCE COMPANY and TAUREAN SINGH

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record by electronically filing same, on this the 27th day of May, 2015.

_____
Michael J. Truncale