# EXHIBIT 1

Filed 4/21/2015 4:04:35 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Kathy Claunch,
Deputy Clerk

CAUSE NO. _____    CV-00278-15-04

| | | |
|---|---|---|
| **CHARLES GRIMES** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **COMPANION PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **AND TAUREAN SINGH** | § | |
| **Defendants.** | § | **ANGELINA COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Charles Grimes files this Plaintiff's Original Petition with Discovery complaining of Defendant Companion Property & Casualty Insurance Company and Taurean Singh and would respectfully show unto the Court and Jury the following:

### I.  PARTIES SERVICE AND DISCOVERY CONTROL

a.    Discovery is intended to be conducted under Level Three of TRCP 190.

b.    Plaintiff is a resident of Angelina County, Texas.

c.    Defendant Companion Property & Casualty Insurance Company ("Companion") is an insurance company engaging in the business of insurance in the State of Texas and may be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136.

d.    Defendant Taurean Singh ("Singh") is a licensed insurance adjuster that may be served with process at P.O. Box 1116, Fort Worth, Texas 76101.

### II.  PARTIAL IDENTIFICATION INFORMATION

1.    Pursuant to CPRC § 30.014, the last three numbers of Plaintiff's social security number are 627 and the last three numbers of his driver's license are 362.

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 1 OF 13.**

### III. JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court.  The Court has venue over Defendants because all or a substantial part of the events giving rise to the claims took place in Angelina County.

### IV. BACKGROUND FACTS

3.      This suit involves the wrongful denial of Plaintiff's claim for damage to his home caused by a covered loss.  At the time of the loss made the subject of this suit, Plaintiff's property located at 1633 Joskey Dykes Rd., Huntington, Texas was insured by Defendant Companion under policy number CDA-000013557.

4.      On or about January 26, 2015, Plaintiff's property sustained significant damage caused by fire, a covered peril under the policy of insurance issued by Companion.  Thereafter, Plaintiff reported a claim for damages to Companion in compliance with the insurance policy.  Singh was assigned to investigate the claim on behalf of Companion.

5.      Plaintiff cooperated with Singh during the claims process including promptly responding to inquiries and providing requested information concerning the claim.  Plaintiff made Singh aware of the fact that the home was being remodeled and  was used for regular habitation.  Plaintiff also made Singh aware that the property contained contents including, but not limited to, various personal belongings, bedroom furniture, livingroom furniture and kitchen appliances, among other items necessary for regular habitation.

6.      Plaintiff's claim was initially denied by Singh based on the position that Plaintiff's policy did not insure the home located at 1633 Joskey Dykes Rd., Huntington, Texas.  Thereafter, when Plaintiff demonstrated that this was not to be the case, Singh took Plaintiff's recorded

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 2 OF 13.**

statement.  During the recorded statement, Singh failed to make any inquiries as to the personal property in the dwelling or the dates the Plaintiff and his family resided in the property.  Rather, Singh looked for ways to twist the Plaintiff's words and justify another denial of the claim. Following the recorded statement, Singh denied the claim a second time contending the home was vacant for more than 60 days and met the definition of vacancy as defined by the policy of insurance.

7.      Defendant Singh issued a denial letter on Plaintiff's claim despite: I) failing to perform a proper and complete investigation of the claim; ii) failing to determine whether Plaintiff used the home for regular habitation; iii) failing to determine whether the home contained personal property customary to the use of the home as a dwelling; and iv) ignoring the true facts of the claim. The denial by Singh was made in bad faith and in violation of the terms of the policy.  Plaintiff's home contained personal property customary to the use of the dwelling as a residence and occupied the residence as a usual place of habitation during the sixty (60) days prior to the fire.  Despite demonstrating same to Singh, Singh denied the claim in violation of the terms of the insurance policy.

8.      Payment of policy proceeds for Plaintiff's damaged property became due and owing in November 2012. Plaintiff cooperated with Defendants Companion and Singh during the investigation of the claim by responding to inquiries and making the home available for inspections by Defendants and their agents.  Despite evidence of damages resulting from a covered peril, Defendants Companion and Singh have unreasonably investigated and wrongfully denied the payment of Plaintiff's claim, necessitating the filing of this petition.

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 3 OF 13.**

## V.  CAUSES OF ACTION AGAINST COMPANION

### A. Breach of Contract

9.      Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above.  Plaintiff would show that the policy purchased from Defendant was in full force and effect at the time of the fire destroying his home.  The policy provided that if such losses occurred, then Defendant will pay the insured the cost of repair or replacement of the damage to the like kind and quality.  Plaintiff would show that she timely submitted the Notice of Claim in accordance with the terms of the policy.  Defendant processed the claim, but has refused and failed to pay according to its obligations under the contract of insurance, and by failing has breached the contract.

### B.  Common Law Cause of Action

10.     Plaintiff reasserts and incorporates all the allegations of the preceding paragraphs for this cause of action.  By its acts, omissions, failures and conduct, Defendant breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation with respect to the claim. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff's claim and by failing to settle Plaintiff's claim when it knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures and conduct of Defendant are a proximate cause of Plaintiff's damages.

### C. DTPA Cause of Action

11.     Plaintiff reasserts and incorporates all the allegations of the preceding paragraphs for this cause of action under the provisions of the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 4 OF 13.**

12.     By its acts, omissions, failures and conduct that are described in this petition,

Defendant violated Sections 17.46 of the DTPA.  Defendant violated the DTPA in the following

respects:

a.     Defendant represented to Plaintiff that its insurance policies and Defendant's
adjusting and investigative services had characteristics or benefits that it did not
have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the
DTPA;

b.     Defendant represented to Plaintiff that its insurance policies and Defendant's
adjusting and investigative services were of a particular standard, quality, or grade
when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.     Defendant represented to Plaintiff that its insurance policies and Defendant's
adjusting and investigative services conferred or involved rights, remedies, or
obligations that it did not have, which gives Plaintiff the right to recover under
Section 17.46 (b)(12) if the DTPA;

d.     Defendant represented that it would pay to repair the damages caused by fire and
then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

e.     Defendant breached an express warranty that the damage caused by fire would be
covered under the insurance policies.  This breach entitles Plaintiff to recover under
Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA;

f.     Defendant engaged in an unconscionable action in that it took advantage of
Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree.
Defendant's unconscionable conduct gives Plaintiff the right to relief under Section
17.50(a)(3) of the DTPA; and,

g.     Defendant's conduct, acts, omissions and failures, as described in this petition, are
unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of
the DTPA.

13.     All of the above-described acts, omissions and failures of Defendant were relied upon

by Plaintiff to his detriment and were a proximate and producing cause of Plaintiff's damages.

Plaintiff seeks damages, including additional damages, for such conduct as described in this petition.

## D.  Cause of Action for Unfair Insurance Practices

14.    Plaintiff reasserts and incorporates all the allegations of the preceding paragraphs for this cause of action.  Plaintiff has satisfied all conditions precedent to bringing this cause of action.  By its acts, omissions, failures and conduct, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's home when liability had become reasonably clear.  Specifically, Defendant is guilty of the following unfair insurance practices:

   a.    Defendant engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

   b.    Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

   c.    Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   d.    Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

   e.    Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and,

f.   Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

15.   All of the above-described acts, omissions and failures of Defendant were relied upon by Plaintiff to his detriment and were a proximate and producing cause of Plaintiff's damages. Plaintiff seeks damages, including additional damages, for such conduct as described in this petition.

## E.  Violation of Prompt Payment of Claims Act

16.   Plaintiff would show that Defendant violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's claim and by failing to pay Plaintiff's claim.  Likewise, Defendant's failure to properly pay Plaintiff's claim constitutes an automatic violation of Section 542.058 which provides:

> "*Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*"

17.   Defendant's wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058.  Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## VI.  CAUSES OF ACTION AGAINST SINGH

### a.  Texas Insurance Code Violations

18.   Plaintiff incorporates the foregoing facts in this petition for this cause of action against Singh.  By his acts, omissions, failures and conduct, Singh has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 7 OF 13.**

Sections 541.051 and 541.060 of the Texas Insurance Code. Singh failed to make any inquiries as to the personal property in the dwelling or the dates the Plaintiff and his family resided in the property, among other failures. Singh's conduct includes, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, the unreasonable investigation of Plaintiff's claim; the failure to make any inquiries as to the personal property in the dwelling; the failure to investigate the fact that Plaintiff and/or his family had occupied the home within sixty (60) days prior to the fire, the failure to ensure the claim was fully paid after liability had become reasonably clear; and, the failure to ensure full payment after Plaintiff presented evidence that the claim should have been paid. Specifically, Singh violated various provisions of Texas Insurance Code as follows:

a. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.061 (1) of the Texas Insurance Code by misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d. Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

e.   Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 542.003 (5) of the Texas Insurance Code by compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered; and

f.   Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

19.   Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to his detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## B.  Deceptive Trade Practices Act Violations

20.   Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Singh.  As stated previously, Plaintiff cooperated with Singh's investigation of the claim by responding to inquiries and making his home available for inspection by inspectors sent by Singh. Singh failed to properly investigate relevant facts concerning the alleged vacancy of Plaintiff's property including, but not limited to, the personal property present at the time of the fire and the fact Plaintiff and/or his family had occupied the home within sixty (60) days prior to the fire.  Singh failed to properly investigate Plaintiff's claim and has refused and failed to pay his claim for damage to his home despite evidence Plaintiff claim for damage constituted a covered loss.

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 9 OF 13.**

21.    By his acts, omissions, failures and conduct that are described in this petition, Defendant Singh violated the DTPA.  Specifically, Defendant Singh violated the DTPA in the following respects:

a.    Defendant represented to Plaintiff that his insurance policies and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

b.    Defendant represented he would pay to repair the damages caused by wind and/or hail, however failed to do so, violating Sections 17.46 (b)(5), (7) and (12) of the DTPA;

c.    Defendant engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and,

d.    Defendant breached an express warranty that the damage caused by wind and/or hail would be covered under the insurance policy at issue.  This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA.

22.    Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.  Such conduct was relied upon by Plaintiff to his detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## VII.  WAIVER, ESTOPPEL AND AMBIGUITY

23.    Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.  Furthermore, any alleged policy defense is barred by the Anti-Technicality Statute, Tex. Ins. Code § 862.054.

24.     Alternatively, Plaintiff pleads that language contained in the subject policy is ambiguous.  Language contained in a policy that is subject to one or more reasonable interpretations is ambiguous.  When interpreting ambiguous policy language, the court must resolve the ambiguity by adopting a reasonable construction favoring the insured.  Thus, any ambiguity must be resolved in favor of Plaintiffs and Plaintiffs afforded coverage under the policy.

## VIII.  CONDITIONS PRECEDENT

25.     All conditions precedent necessary to maintain this action have been performed, have occurred, or could not be timely accomplished prior to filing of suit.  This suit was filed within two years of discovery of the acts complained of herein.

## IX.  DAMAGES

26.     The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, the cost to properly and fully repair his home. Plaintiff is also entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendants as damages under the Prompt Payment of Claims Act.  All of the damages described in this petition are within the jurisdictional limits of the Court.

27.     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  Plaintiff seeks damages in an amount greater than $200,000.00 but no more than $1,000,000.00, as of the filing of this petition.

## X.  EXEMPLARY DAMAGES

28.     The conduct of Defendant Companion was intentional, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice," as that term is defined in Chapter 41 of the

**PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY - PAGE 11 OF 13.**

Texas Civil Practice and Remedies Code.  Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

29.     Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice and Remedies Code.

## XII.  DISCOVERY REQUESTS

30.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are hereby requested to disclose to Plaintiff, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

31.     In addition, attached to the Petition and Citation served upon Companion, is discovery consisting of Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admissions.

## XIII. JURY DEMAND

32.     Plaintiff requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of

judgment until paid at the highest rate permitted by law, those damages authorized by the Texas

Insurance Code and the Texas Business and Commerce Code, damages for mental anguish, and for

such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF ROBERT N. GRISHAM II

*/s/ Robert N. Grisham II*
Robert N. Grisham II
State Bar Number: 00792550
5910 N. Central Expressway
Premier Place - Suite 760
Dallas, Texas 75206
Telephone:  (214) 987-0098
Facsimile:  (214) 987-4098
Email: robert@grishamlaw.com

Scott M. Keller
State Bar Number: 11198350
LAW OFFICES OF SCOTT M. KELLER
3131 McKinney Avenue, Ste. 720
Dallas, Texas 75204
Telephone: (214) 741-2963
Facsimile:  (214) 741-2959
Email: smkeller@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| CHARLES GRIMES | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND TAUREAN SINGH | § | |
|     Defendants. | § | ANGELINA COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY

TO:    Defendant Companion Property & Casualty Insurance Company through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136.

Pursuant to Tex. R. Civ. P. 197, you are requested to file complete written answers to the following Interrogatories within fifty (50) days of service. Answers to these Interrogatories shall be made under oath as provided by the Texas Rules of Civil Procedure.

Pursuant to Tex. R. Civ. P. 196, you are requested to produce all of the documents described in the attached list which are in your possession, custody or control within fifty (50) days of service at the Law Offices of Robert N. Grisham II, P.C., 5910 N. Central Expressway, Suite 760, Dallas, Texas 75206. Unless the request specifically directs production of the original document, delivery of an accurate, legible and complete photocopy of the document requested is a sufficient response to the request. You are further requested to identify in your response all documents produced responsive to the particular request and identify any document which you did not produce for any reason including any claimed privilege.

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION
AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY
AND CASUALTY INSURANCE COMPANY- PAGE 1 OF 18.

Pursuant to Tex. R. Civ. P. 198, Plaintiff propounds the following Requests for Admissions and requests that within fifty (50) days of service of these Requests, that you specifically admit or deny the following facts.  The facts which you are requested to admit or deny are attached hereto.

In connection with this document, the following definitions and instructions will apply:

A.    "Claim" means the insurance claim made the basis of this suit.

B.    "Defendant," "you," "your," or "Companion"refer to Companion Property and Casualty Insurance Company, its officers, directors, employees, agents, representatives and/or persons purporting to act and/or acting on its behalf or under its control.

C.    "Document" means all original written, recorded, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or interviews, or of conferences or of other meetings, drawings, graphics, charts, blueprints, sketches, affidavits, statements, summaries, opinions, reports, studies, analyses, valuations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, e-mails, data processing programs, data processing input and output, microfilm, books of account, all records and invoices reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, however denominated.  In all cases where originals or non-identical copies are not available, "documents" also means identical copies thereof.  **Documents includes information that exists in electronic, magnetic or digital format.  All such information stored in electronic or magnetic form is hereby specifically requested pursuant to Rule 196.4 of the TEXAS RULES OF CIVIL PROCEDURE to be produced in hard copy format (PDF) or on CD-ROM.**

D.    To "identify" a document means to identify the author or person who prepared the same; to identify the person or persons who received the same or to whom it was addressed; to state the date on which it was written, made, or prepared; to identify the persons who presently have control or custody of the original and each and every copy thereof; to attach an accurate copy thereof to your answers.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION**
**AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY**
**AND CASUALTY INSURANCE COMPANY- PAGE 2 OF 18.**

E.   To "identify" an act or instance of conduct by a person is to state all oral or written communication given or exchanged during the course of the act or instance of personal conduct; to identify the person or persons engaging in the act or instance of personal conduct; to state the time of the occurrence of such act or instance of personal conduct; and to identify the geographic location wherein such event occurred.

F.   To "identify" an entity other than an individual person is to state the name, telephone number and address of the entity.

G.   To "identify" an individual person is to give his or her name, present home address, if known or his or her last known business address and telephone number.

H.   "Insurance claim" or "claim" means the insurance claim made the subject of this suit.

I.   "Or" means and/or.

J.   "Personnel" means all individuals who have ever at any time, served as an officer, director, agent or employee of a particular employer.

K.   "Plaintiff" means Charles Grimes and/or agents, representatives and/or persons purporting to act and/or acting on his behalf or under his control.

L.   "Property" or "home" means Plaintiff's property located at 1633 Joskey Dykes Rd., Huntington, Texas.

M.   "Singh" means Defendant Taurean Singh.

N.   The singular shall include the plural and the plural the singular, wherever the effect of doing so is to increase the information responsive to these documents.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
State Bar Number: 00792550
LAW OFFICES OF ROBERT N. GRISHAM II
5910 N. Central Expressway
Premier Place, Ste. 760
Dallas, Texas 75206
Telephone:  (214) 987-0098
Facsimile:  (214) 987-4098
Email: robert@grishamlaw.com

Scott M. Keller
State Bar Number: 11198350
LAW OFFICES OF SCOTT M. KELLER
3131 McKinney Avenue, Ste. 720
Dallas, Texas 75204
Telephone: (214) 741-2963
Facsimile:  (214) 741-2959
Email: smkeller@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served upon Defendant, Companion Property and Casualty Insurance Company with Citation and Plaintiff's Original Petition.

*/s/ Robert N. Grisham II*
Robert N. Grisham II

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 4 OF 18.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1:**  Identify each person who has answered or contributed to the answering of these Interrogatories, including their job title and duties with you.

**ANSWER:**


**INTERROGATORY NO. 2:**  State the date and method in which you received notice of the insurance claim made the basis of this suit.

**ANSWER:**


**INTERROGATORY NO. 3:**  Identify each person or entity who participated in the investigation of the insurance claim made the basis of this suit.

**ANSWER:**


**INTERROGATORY NO. 4:**  State the date you acknowledged receipt of the insurance claim made the basis of this suit and the method of acknowledgment.

**ANSWER:**


**INTERROGATORY NO. 5:**  State the date of each request made by you to Plaintiff for all items, statements and forms you reasonably believed, at the time, would be required from Plaintiff in order to complete your investigation of the insurance claim made the basis of this suit and the identity of any document setting out the request.

**ANSWER:**


**INTERROGATORY NO. 6:**  In the event you provided notice to Plaintiff that any additional time was needed to complete the investigation of the insurance claim made the basis of this suit, then please state the date and identity of any such notice.

**ANSWER:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 5 OF 18.**

**INTERROGATORY NO. 7:**  State the date and identity of any document notifying Plaintiff of your acceptance or rejection of the insurance claim made the basis of this suit and the reasons for your acceptance or rejection.

**ANSWER:**

**INTERROGATORY NO. 8:**  Do you contend that the Plaintiff made any misrepresentations relative to the insurance claim made the basis of this suit?  If so, please identify each misrepresentation made by the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 9:**  State the basis for your acceptance or rejection of Plaintiff's insurance claim made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify each document generated by you for use in the adjustment of Plaintiff's insurance claim made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO. 11:**  For each inspection of Plaintiff's Property made the subject of this suit, state the following:

     a.     The date(s) of inspection(s);
     b.     The purpose(s) of inspection(s);
     c.     The identity (name, address and phone number) of each individual attending the inspection; and
     d.     The identity of each document relative to the inspection.

**ANSWER:**

**INTERROGATORY NO. 12:**  Do you contend that the Plaintiff failed to comply with any policy provision relative to the insurance claim made the basis of this suit?  If so, please identify each policy provision.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 6 OF 18.**

**ANSWER:**

**INTERROGATORY NO. 13:**   Do you contend that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law.  If so, state what conditions have not been met.

**ANSWER:**

**INTERROGATORY NO. 14:**   State whether Defendant contends that Plaintiffs did not provide any named defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' c\aim(s). If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 15:**   State the date you anticipated litigation in this matter.

**ANSWER:**

**INTERROGATORY NO. 16:**   If you intend on attempting to impeach any individual or witness with evidence of a criminal conviction as described in Tex. R. Civ. Evid. 609, please identity the individual or witness, the charge and conviction, the year of conviction, the county of conviction and whether or not probation or parole has been successfully completed or pardon granted.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

**REQUEST FOR PRODUCTION NO. 1:**  Each document referred to or relied upon by you when answering these Interrogatories propounded by Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**  Each insurance policy application relative to insurance coverage on the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**  Each inspection report relative to any and all inspections performed on the Property in connection with the issuance of insurance coverage on the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**  Each document issued relative to all inspections performed on the Property in connection with the issuance of or renewal of insurance coverage on the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 5:**  The complete underwriting file relative to coverage issued on the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**  Each note, report, document or application created and/or generated by your underwriting department related to insurance coverage on the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**  Each complete policy of insurance, with declarations and endorsements, sold by you insuring the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:** Each document showing premiums paid by Plaintiff for the policy insuring the Property.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:** The complete unaltered claim file relative to the insurance claim made the basis of this suit with all contents which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:** Each document signed by Plaintiff relative to the insurance claim made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:** Each investigation, report or study related to the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:** Each record documenting all telephone conversations with or regarding Plaintiff relative to the insurance claim made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:** Each claim note, claim log, claim dairy and/or activity log kept by you relative to the insurance claim made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 9 OF 18.**

**REQUEST FOR PRODUCTION NO. 14:** Each document mentioning, summarizing, containing, describing, or otherwise relating to any contact between you and Plaintiff related to the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:** Each document, if any, which you contend contains false information or misrepresentations made by Plaintiff relative to the insurance claim made the subject of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16:** Each note, document, or memoranda created by you relating to the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:** Each document submitted by Plaintiff relative to the insurance claim made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:** Each document you sent to Plaintiff, if any, requesting Plaintiff's assistance in resolving any problem, issue or delay in the adjustment of the insurance claim made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:** Each document, report, or memoranda received by you related to the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 10 OF 18.**

**REQUEST FOR PRODUCTION NO. 20:** Each document relative to all inspections of Plaintiff's property made in connection with the insurance claim made the basis of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:** Each videotape, photograph, or tape recording relative to the insurance claim made the basis of this suit.  This request includes request for all videotapes, color photographs and any other photographic or electronic image of the Property made the subject of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:** Each document setting forth any opinion of your counsel regarding the interpretation and application of any exclusion, limitation, or other policy provision relating to Plaintiff's insurance claim made the basis of this suit, to the extent that you relied on any such document to determine whether Plaintiff's insurance claim was payable or not.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:** Each document relating to any initial, tentative or final determination as to whether or not the insurance claim made the basis of this suit was payable or not payable which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:** Each document showing that the damage to Plaintiff's property was caused by a condition excluded by the insurance policy.  This request is limited to documents which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:** Each electronic or written communication between you and your insurance adjusters relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 11 OF 18.**

**REQUEST FOR PRODUCTION NO. 26:** Each electronic or written communication between you and/or your agents relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Each electronic communication, message or e-mail between you and Wellington Claims Service, Inc. relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit which were created prior to receipt of Plaintiff's pre-suit demand.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Each electronic communication, message or e-mail between you and Taurean Singh relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Each electronic communication, message or e-mail between you and persons with knowledge of relevant facts relative to the insurance policy, the insurance claim and/or the Property made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Each estimate for repairs to the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Each report or document from governmental agencies or offices regarding Plaintiff's property or containing officially kept information regarding the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Each billing record received from Wellington Claims Service, Inc. regarding the Property and the claim made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Each document relating to the assignment of Plaintiff's claim to any and all adjusters who participated in the investigation and/or adjustment of Plaintiff's claim made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All physical and/or tangible items and/or potentially usable evidence obtained by or on your behalf from the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Each document obtained by you in this litigation by deposition upon written question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Each document obtained by you in this litigation by subpoena.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Each document obtained by you in this litigation by open records request.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Each training manual, claims manual, policy guideline and/or procedural requirement used and relied upon by you or your agents when investigating, adjusting or settling of property insurance claims in Texas. This request is limited solely to those items in existence at the time of the processing Plaintiff's claim made the subject of this suit.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 13 OF 18.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Each training manual, claims manual, policy guideline, and/or procedural requirement used and relied upon by you or your agents when investigating, adjusting or settling the Plaintiff's claim made the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Each document meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding allegations of bad faith. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Each document meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Each document meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Each document reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions you contend applied to Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**  Each written or electronic training manual, claims manual, policy guideline, procedural requirement and/or claim handling instruction provided by you to Wellington Claims Service, Inc. for use when investigating, adjusting and or settling insurance claims made on policies of insurance issued by you in Texas.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 45:**  Each indemnity agreement between you and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 46:**  Each training manual, guideline or procedural requirement used by independent adjusting companies to train their adjusters on the handling of Texas property damage and/or theft claims on behalf of you.  This request is limited to the last five (5) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 47:**  Any and all materials, documents, statements and/or files that demonstrate your net worth and Defendant's net income for the past three (3) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 48:**  True and complete copy of activity logs filed by the staff and independent adjusters relative to the claim made the subject of this suit.

**RESPONSE:**

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT**

**REQUEST FOR ADMISSION NO. 1:**  That You are licensed to transact business in the State of Texas.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**  That You issued a policy (hereinafter "Policy") designating Plaintiff as its named insured.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**  That the Policy insured the property located at 1633 Joskey Dykes Rd., Huntington, Texas.

**RESPONSE:**


**REQUEST FOR ADMISSION NO 4:**  That You represented to Plaintiff that the Policy was appropriate for the coverage of the Property requested by Plaintiff

**RESPONSE:**


**REQUEST FOR ADMISSION NO 5:**  That damage from fire is a covered peril under the Policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 6:**  That Plaintiff's home suffered a complete loss by fire.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 7:**  That the cost to repair or replace Plaintiff's home due to damage from the fire exceeds the applicable Policy limits.

**RESPONSE:**


**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY- PAGE 16 OF 18.**

**REQUEST FOR ADMISSION NO. 8:**  That Plaintiff spent the night in the home prior to its destruction by fire.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 9:**  That Plaintiff resided in the home prior to its destruction by fire.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:**  That Plaintiff spent the night in the home within sixty (60) days prior to its destruction by fire.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 11:**  That Plaintiff informed you that he spent the night in the home within sixty (60) days prior to its destruction by fire.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**  That Plaintiff informed you that he resided in the home within sixty (60) days prior to its destruction by fire.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**  That Plaintiff's personal property was in the home at the time of its destruction by fire.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14:**  That Plaintiff informed you his personal property was in the home at the time of its destruction by fire.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**  That Plaintiff's home contained contents necessary for regular habitation of the home at the time of its destruction by fire.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**  That Plaintiff notified you his home contained contents necessary for regular habitation of the home at the time of its destruction by fire.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**  That Plaintiff's home contained bedroom furniture, livingroom furniture and kitchen furnishings at the time of its destruction by fire.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**  That Plaintiff notified you his home contained bedroom furniture, livingroom furniture and kitchen furnishings at the time of its destruction by fire.

**RESPONSE:**

# Wellington

Wednesday, January 28, 2015

Sent via Certified Mail and Standard USPS
7013 2250 0001 0229 5830

Charles Grimes
1180 Joskey Dykes Road
Huntington, TX, 75949-6102

RE:    Claim Number         : COC-63801
       Policy Number        : CDA-000013557
       Named Insured        : Charles Grimes
       Loss Location        : 1633 Joskey Dykes Rd., Huntington, TX, 75949
       Insured Location     : 1180 Joskey Dykes Rd., Huntington, TX, 75949
       Date of Loss         : Monday, January 26, 2015

Dear Mr. Grimes:

This letter is being sent to you to advise you that Wellington Claim Service, Inc. ("WCS"), on behalf of
Companion Property & Casualty Insurance Company ("Companion") is investigating this matter.
Companion has reviewed policy number CDA-000013557 with effective dates of September 16, 2014 to
September 16, 2015 and has questions about the potential coverage under this policy; therefore, we will
continue our investigation subject to a Reservation or Rights.

Companion received your claim on January 27, 2015 for fire damage that occurred on or about January
26, 2015 at the loss location listed above.  During my conversation with you on January 26, 2015, you
stated the fire actually occurred at 1633 Joskey Dykes Road in Huntington, TX. Since the fire did not
occur at the insured location, an in-depth coverage investigation will be conducted. Please refer to the
Agreement in your policy:

......

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all
applicable provisions of this policy.

......

## COVERAGES

This insurance applies to the described location and coverages for which a limit of liability is shown.

Wellington Claim Service, Inc.
P.O. Box 1116, Fort Worth, TX  76101
Phone:  817-738-1878 • 800-447-6465
Fax:  817-732-2131
www.WellingtonInsGroup.com

**COVERAGE A (DWELLING)**

We cover:

1. the dwelling on the described location shown in the declarations, used principally for dwelling purposes, including structures attached to the dwelling.

......

In addition, you advised that you and Mrs. Grimes permanently reside at the 1180 Joskey Dykes Road address and that the 1633 Joskey Dykes Road address was vacant at the time of the loss. You mentioned that you acquired the property through an owner to owner transaction sometime around June 2014 and have since been vacant due to some remodeling work you were doing within the home. Please refer to the condition in your policy as it pertains to vacancy:

......

**CONDITIONS**

......

16. **Vacancy.** During the policy term, if an insured building is vacant for 60 consecutive days immediately before a loss, we will not be liable for a loss by the perils of fire and lightning or vandalism or malicious mischief. Coverage may be provided by endorsement to this policy.

......

At this time, it is simply unclear as to whether the claim being asserted will be covered by the policy. Companion will continue to investigate this matter under a full and complete reservation of all of our rights and defenses. This Reservation of Rights extends to all facts, known and unknown, as they may pertain to this claim.

Any action taken by Companion in the investigation of this claim subject to the Reservation of all of Rights shall not constitute or be construed as a waiver or an estoppel of any rights or defenses we have under the subject policy of insurance. Companion further reserves the right to deny coverage and withdraw from any further participation in this matter altogether should facts be developed that determine the above captioned policy does not cover this loss. In additional to the reservation outlined above, Companion further reserves the right to assert all defenses of non-coverage available under the policy, including but not limited to those terms, conditions, exclusions and limitations contained within the policy, which may later be determined to be applicable and which may limit or eliminate coverage under this policy. Companion does not waive any of its rights under the policy, nor does Companion admit any obligations under the policy through the issuance of this Reservation of Rights letter.

If you have pertinent facts or documents in your possession that would show potential coverage exist for the loss location, please provide that information and we will evaluate it as soon as possible. In the event additional information or documentation suggests the Reservation of Rights letter in not complete, Companion reserves the right to amend or to supplement the Reservation or Rights letter and assert any and all other coverage defenses that it deem necessary.

Should you have any questions regarding this matter, please give me a call.

Wellington Claim Service, Inc.
P.O. Box 1116, Fort Worth, TX 76101
Phone: 817-738-1878 • 800-447-6465
Fax: 817-732-2131
www.WellingtonInsGroup.com

Sincerely,

Taurean Singh
Claims Examiner
Wellington Claims Service, Inc.
1-800-447-6465 Ext. 3062
claims@wellingtoninsgroup.com

CC.:     Joe Hancock
         609 S John Redditt Drive
         Lufkin, TX 75904

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS COUNTY OF ANGELINA

I hereby certify that the above is a
true and correct copy of the original
record on file in my office.

34 Pages

REBA SQUYRES, DISTRICT CLERK, ANGELINA CO. TX

By _____
    Deputy

Wellington Claim Service, Inc.
P.O. Box 1116, Fort Worth, TX  76101
Phone:  817-738-1878 · 800-447-6465
Fax:  817-732-2131
www.WellingtonInsGroup.com

Filed 4/27/2015 3:42:29 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Robin Crain,
Deputy Clerk

RETURN

## CITATION

**CLERK OF THE COURT**

Reba Squyres
District Clerk
P.O. Box 908
Lufkin, Texas 75902

**ATTORNEY FOR PLAINTIFF**

ROBERT N. GRESHAM, II
5910 N CENTRAL EXPY STE 760
DALLAS TX  75206

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to the plaintiff's petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 217th Judicial District Court of Texas, at the Courthouse in Lufkin, Texas.

Said plaintiff's petition was filed on **April 21, 2015 at 4:04 pm.**

The file number of said suit being **CV-00278-15-04.**

The style of the case is:

**CHARLES GRIMES**
**VS**
**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY AND TAUREAN SINGH**

A copy of plaintiff's petition accompanies this citation.

Issued on this the 22nd day of April, 2015.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Lufkin, Texas, on this the 22nd day of April, 2015.

Reba Squyres, District Clerk
Angelina County, Texas
P.O. Box 908
Lufkin, Texas 75902

By: _____, Deputy
Kathy M. Claunch, Deputy District Clerk

FEES UNPAID
DISTRICT CLERK
REBA D. SQUYRES

CAUSE NO. CV-00278-15-04
ANGELINA COUNTY 217TH JUDICIAL DISTRICT COURT

---

**RETURN**

**Came to my hand:**   April 27, 2015 at 10:50 a.m.

**To:**   Companion Property and Casualty Insurance Company
By Serving Its Registered Agent CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Tx 75201-3136

__x_   Citation
__x_   Plaintiff's Original Petition with Discovery
__x_   Plaintiff's First Set of Interrogatories, Requests for Production and Requests for
Admissions to Defendant Companion Property and Casualty Insurance Company

**Delivered by me on:  April 27, 2015 at 12:25 p.m.**

**Delivered by me at:**  1999 Bryan Street, Suite 900, Dallas, Tx 75201-3136, in Dallas County,
by delivering to Companion Property and Casualty Insurance Company,
by delivering to its Registered Agent, CT Corporation System, by
delivering to Marie Garcia, an employee available during normal business
hours to receive service of process, in person, a true copy of the above
specified civil process, having first endorsed on such copy the date of
delivery.   I am over eighteen (18) years of age and not a party to or
interested in the outcome of this case. This return is attached to original
process or a copy thereof.  All statements and facts herein contained are
within my personal knowledge.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"My name is Alan R. Davis.  My date of birth is 8/25/62. My address is
P.O. Box 38066, Dallas, Texas, 75238, United States of America. I declare
under penalty of perjury the foregoing is true and correct. Executed in
Dallas County, Texas on April 27, 2015.

Alan R. Davis, Authorized Person, Declarant"
SCH-000000399
Expires 7/31/17

Cause: CV-00278-15-04

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By:_____, Deputy

**ADDRESS FOR SERVICE**:

Defendant:

COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201-3136

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy    $_____

Total                                    $_____

_____, Officer

_____, County, Texas

By:_____, Deputy

_____
Affiant

*Rule 107 Verification:  Subscribed and sworn to by the above named _____ before me this the ____ day of _____, 20___, to certify which witness my hand and seal of office.

_____
Person Administering Oath

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS COUNTY OF ANGELINA

I hereby certify that the above is a
true and correct copy of the original
record on file in my office.

3 Pages

REBA SQUYRES, DISTRICT CLERK, ANGELINA CO, TX

By
Deputy

Filed 5/12/2015 10:15:33 AM
Reba Squyres, District Clerk
Angelina County, Texas
By: Brittany Crawford,
Deputy Clerk

## CITATION

**CLERK OF THE COURT**
Reba Squyres
District Clerk
P.O. Box 908
Lufkin, Texas 75902

**ATTORNEY FOR PLAINTIFF**
ROBERT N. GRESHAM, II
5910 N CENTRAL EXPY STE 760
DALLAS TX  75206

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  TAUREAN SINGH, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to the plaintiff's petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 217th Judicial District Court of Texas, at the Courthouse in Lufkin, Texas.

Said plaintiff's petition was filed on **April 21, 2015 at 04:04 pm.**

The file number of said suit being **CV-00278-15-04.**

The style of the case is:

**CHARLES GRIMES**
**VS**
**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY AND TAUREAN SINGH**

A copy of plaintiff's petition accompanies this citation.

Issued on this the 22nd day of April, 2015.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Lufkin, Texas, on this the 22nd day of April, 2015.

Reba Squyres, District Clerk
Angelina County, Texas
P.O. Box 908
Lufkin, Texas 75902

By: _____, Deputy
Kathy M. Claunch, Deputy District Clerk

FEE UNPAID
DISTRICT CLERK
REBA D. SQUYRES

CAUSE NO. CV-00278-15-04
ANGELINA COUNTY 217TH JUDICIAL DISTRICT COURT

## RETURN

**Came to my hand:**   April 27, 2015 at 10:50 a.m.

**To:**               Taurean Singh
PO Box 1116
Fort Worth, Tx 76101

_x_  Citation
_x_  Plaintiff's Original Petition with Discovery
_x_  Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admissions to Defendant Companion Property and Casualty Insurance Company

**Delivered by me on: April 27, 2015 at 4:45 p.m.**

**Delivered by me at:**  PO Box 1116, Fort Worth, Tx 76101, in Tarrant County, by delivering to Taurean Singh, via Certified Mail, Return Receipt Requested, signed for by his agent, V. Ramirez, a true copy of the above specified civil process, having first endorsed on such copy the date of delivery.  I am over eighteen (18) years of age and not a party to or interested in the outcome of this case. This return is attached to original process or a copy thereof. All statements and facts herein contained are within my personal knowledge.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"My name is Alan R. Davis.  My date of birth is 8/25/62. My address is P.O. Box 38066, Dallas, Texas, 75238, United States of America. I declare under penalty of perjury the foregoing is true and correct. Executed in Dallas County, Texas on May 12, 2015.

_____
Alan R. Davis, Authorized Person, Declarant"
SCH-000000399
Expires 7/31/17

| English | Customer Service | USPS Mobile | | Register / Sign In |



# USPS Tracking™



Cust
Have



Get E
Sign

**Tracking Number: 70132250000215231664**

## Product & Tracking Information

Available A

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™          Return Receipt

Text Updates

Email Updates

Return Receipt After

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 30, 2015 , 6:29 am** | Delivered | FORT WORTH, TX 76102 |

The package is delayed and will not be delivered by the expected delivery date. An updated delivery date will be provided when available. Your item was delivered at 6:29 am on April 30, 2015 in FORT WORTH, TX 76102.

| April 29, 2015 , 7:03 am | Available for Pickup | FORT WORTH, TX 76101 |
| April 29, 2015 , 7:01 am | Arrived at Unit | FORT WORTH, TX 76107 |
| April 29, 2015 , 5:12 am | Departed USPS Origin Facility | FORT WORTH, TX 76161 |
| April 28, 2015 , 9:47 am | Arrived at USPS Origin Facility | FORT WORTH, TX 76161 |
| April 27, 2015 , 11:46 pm | Arrived at USPS Origin Facility | COPPELL, TX 75099 |
| April 27, 2015 , 5:03 pm | Departed Post Office | DALLAS, TX 75238 |
| April 27, 2015 , 4:44 pm | Acceptance | DALLAS, TX 75238 |

## Track Another Package

Tracking (or receipt) number

[                                            ]   Track It

Manage Incomir

Track all your packages from
No tracking numbers necess

**Sign up for My USPS**

HELPFUL

Contact Us
Site Index
FAQs

Copyright

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Taurean Singh
P.O. Box 1116
Fort Worth, Texas 76101

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ramirez_                    ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                APR 3 0 2015

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number          7013 2250 0002 1523 1664
   (Transfer from service label)

PS Form 3811, July 2013          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

FORT WORTH TX 76101

| | | |
|---|---|---|
| Postage | $ $2.24 | 0238 |
| Certified Fee | $3.30 | 06 |
| Return Receipt Fee (Endorsement Required) | $2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage | $8.24 | 04/27/2015 |

Sent To    Taurean Singh
Street, Apt.   P.O. Box 1116
or PO Box
City, State   Fort Worth, Texas 76101

7013 2250 0002 1523 1664

PS Form 3800          See Reverse for Instructions

Cause: CV-00278-15-04

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By:_____, Deputy

**ADDRESS FOR SERVICE:**

Defendant:

TAUREAN SINGH

PO BOX 1116

FORT WORTH TX  76101

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy     $_____

Total                                     $_____

_____, Officer

_____, County, Texas

By:_____, Deputy

_____
Affiant

*Rule 107 Verification*:  Subscribed and sworn to by the above named _____ before me this the _____ day of _____, 20___, to certify which witness my hand and seal of office.

_____
Person Administering Oath

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS COUNTY OF ANGELINA

I hereby certify that the above is a
true and correct copy of the original
record on file in my office.

5 Pages

REBA SQUYRES, DISTRICT CLERK, ANGELINA CO., TX

By
Deputy

CAUSE NO.  CV-00278-15-04

| | | |
|---|---|---|
| CHARLES GRIMES, | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | 217TH JUDICIAL DISTRICT |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND TAUREAN SINGH | § | ANGELINA COUNTY, TEXAS |
| DEFENDANTS | | |

## **DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL**

On May 27, 2015, Defendants, Companion Property and Casualty Insurance Company and

Taurean Singh, filed the attached Notice of Removal in the Office of the Clerk of the United States

District Court for the Eastern District of Texas.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412 (Telephone)
(409) 838-6959 (Facsimile)

By: _____
Michael Truncale
Attorney-in-charge
State Bar No. 20258125
mjt@obt.com
Monica L. Wilkins
State Bar No. 24043968
mwilkins@obt.com

ATTORNEYS FOR THE DEFENDANTS,
COMPANION PROPERTY & CASUALTY
INSURANCE COMPANY AND TAUREAN
SINGH

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a copy of the foregoing document was forwarded to all counsel of record via Electronic Filing and Certificate Mail/Return Receipt Requested on the 27th day of May, 2015.

Michael Truncale

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES GRIMES, | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND TAUREAN SINGH, | § | |
| DEFENDANTS | | |

**DEFENDANTS COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY
AND TAUREAN SINGH'S NOTICE OF REMOVAL**

Defendants file this notice of removal under 28 U.S.C. 1446(a).

A. Introduction

1.  Plaintiff is Charles Grimes.  Defendants are Companion Property and Casualty Insurance Company and Taurean Singh.

2.  On April 21, 2015, plaintiff sued the defendants for alleged Deceptive Trade Practices pertaining to unfair claim settlement practices, misrepresentation of an insurance policy and various unfair and deceptive acts or practices associated with the handling of a claim for damages to his home and the contents of his home.  The lawsuit was filed in the 217th District Court of Angelina County, Texas.

3.  Defendant Taurean Singh was served on April 27, 2015 and Defendant Companion Property and Casualty Insurance Company was served on April 27, 2015.  Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. 1446 (b).

B. Basis of Removal

4.  Removal is proper because plaintiff joined Taurean Singh, a non-diverse defendant, solely to defeat diversity jurisdiction.  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).  There is no reasonable basis for believing that the plaintiff could recover from Taurean Singh in state court.  *See Novelli v. Allstate Texas Lloyd's*, 2012 WL 949675 (S.D. Tex. Mar. 19, 2012); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Madison v. Vintage Pet, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997).

5.  To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'  *Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004)(quoting *Travis v. Irby*, 326 F. 3d 644, 646-47 (5th Cir. 2003).  The test for improper joinder is whether the defendant has demonstrated that there is no

1

possibility of recovery. *Id.* A court may determine a plaintiff's possibility of recovery by conducting a Rule 12(b)(6) – type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

6.  Rule 12(b)(6) allows dismissal if a plaintiff fails to "state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcraft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed the Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

7.  Under Fed. R. Civ. P. 8(a)(2), a plaintiff is not required to include "detailed factual allegations, but more than 'an adorned, the defendant-unlawfully-harmed-me accusation' is needed." *See Elsenshohn v. Tammany Parish Sherriff's Office*, 530 F.3d 368, 372 (5ᵗʰ Cir. 2008).

8.  When a plaintiff makes claims against an adjuster, such as Taurean Singh, for actions that "can be accomplished by the insurer, such as Companion Property and Casualty Insurance Company, through an agent, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster." *See Nasti v. State Farm Lloyds*, 2015 WL 150468 (S.D. Tex. Jan. 9, 2015); *citing Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.,* 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011); *see also Atascocita Realty Inc. v. Heritage Ins. Co.*, 2012 WL 4052914, at *3 (S.D. Tex. Sept. 13, 2012)(dismissing insured's claims against individual adjuster for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer").

9.  For the reasons and rationale stated above, Taurean Singh has been improperly joined in the action.

10.  Without Taurean Singh in the case, there is complete diversity of citizenship between the plaintiff and the remaining defendant, Companion Property and Casualty Insurance Company.

11.  Although the defendants deny the damage claims of the plaintiff, the amount in controversy exceeds $75,000.00.

12.  All of the defendants have been served, and all consent to the removal of this case to federal court. The undersigned attorney represents the defendants who have been sued and served in this lawsuit.

13.  All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C 1446(a).

14.  Venue is proper in this district under 28 U.S.C. 1441(a) because the state court where the action has been pending is located in this district.

15.    Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

C. Jury Demand

16.    Plaintiff did demand jury in the state court action.

D. Conclusion

17.    For these reasons, defendants ask the Court to remove the action to the United States District Court for the Eastern District of Texas, Lufkin Division, and requests that this Court retain jurisdiction for all further procedures.

18.    All conditions and procedures for removal have been satisfied.  Defendants have attached copies of all the following exhibits to this Notice in accordance with Local Rule CV-81:

| | |
|---|---|
| Exhibit "1" | All pleadings, process, orders, and filings in the state court action as required by 28 U.S.C. § 1446(a). |
| Exhibit "2" | Copy of State Court Docket Sheet |
| Exhibit "3" | List of Parties and Current Status of Removed Case |
| Exhibit "4" | List of Counsel |
| Exhibit "5" | List of Parties Having Requested Trial by Jury |
| Exhibit "6" | Names and Address of Court from Which Case is Being Removed |

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412 (Telephone)
(409) 838-6959 (Facsimile)

By: _____
Michael J. Truncale
Attorney-in-charge
State Bar No. 20258125
mjt@obt.com
Monica L. Wilkins
State Bar No. 24043968
mwilkins@obt.com

ATTORNEYS FOR DEFENDANTS,
COMPANION PROPERTY AND CASUALTY
INSURANCE COMPANY and TAUREAN SINGH

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record by electronically filing same, on this the 27th day of May, 2015.

Michael J. Truncale