**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **CHARLES GRIMES** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 9:15-cv-74** |
| | § | |
| **COMPANION PROPERTY AND** | § | |
| **CASUALTY INSURANCE CO;** | § | |
| **TAUREAN SINGH** | § | |

**ORDER TO MEET, REPORT, AND APPEAR AT SCHEDULING CONFERENCE**

1. Counsel and all unrepresented parties must comply with the following deadlines:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to file motions to transfer | September 1, 2015 |
| Hold a meeting as required by Fed. R. Civ. P. 26(f) | September 1, 2015 |
| File a joint report that reflects the parties' detailed case management plan. The report must contain the information required on the attached form. | September 8, 2015 |
| Counsel and all unrepresented parties must appear in person for a Scheduling Conference. | **Thursday, September 17, 2015 at 9:00 a.m.** |

2. Unrepresented parties, unless incarcerated, are bound by the requirements imposed upon counsel in this Order.

3. Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel must promptly file an amended certificate with the clerk.

4. The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue*

*Shield*, 112 F.3d 869 (7th Cir. 1997). Notice is given that the Court will enter an order dismissing all fictitious parties, if any, following the Scheduling Conference. Dismissal is without prejudice to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

5. The parties are relieved from complying with Local Rule CV-5(a)(9), which requires courtesy copies be sent to chambers for any electronically filed document that exceeds five pages in length, attachments included. It is unnecessary to provide the Court with a courtesy copy unless a document exceeds fifty pages in length, attachments included. Parties are encouraged to provide courtesy copies in a three-ring binder or in a spiral-bound format.

6. Plaintiff's counsel must immediately notify the Court upon settlement.

7. Failure to comply with this order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* Fed. R. Civ. P. 16(f).

**It is SO ORDERED.**

**SIGNED this 12th day of August, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **CHARLES GRIMES** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 9:15-cv-74** |
| | § | |
| **COMPANION PROPERTY AND** | § | |
| **CASUALTY INSURANCE CO;** | § | |
| **TAUREAN SINGH** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

> Please restate each instruction before furnishing the requested information.
>
> Any differences between parties as to the response(s) to any matter must be set forth in this report.
>
> This document is available in Microsoft Word format on the Court's website.

1. State where and when the conference among the parties required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

2. For any attorney not listed in response to question one, list the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

3. List the correct names of the parties to this action.

4. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related.

5. Briefly describe in 3 pages or less: (a) What this case is about and (b) Each claim or defense.[1]

6. Specify the basis of federal jurisdiction.

---

[1] The parties should not simply recite their pleadings.

7. Identify the parties who disagree with Plaintiff's jurisdictional allegations and state the reasons for disagreement.

8. List anticipated additional parties that may be included, when they might be added and by whom.

9. List anticipated intervenors.

10. Describe any class-action or collective-action issues.

11. State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(B).

12. Describe the proposed discovery/case management plan, including:

    (a) In accordance with Rule 26(f):

        (1) Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made. *See also* Proposed Dates For Scheduling, ¶ 21;

        (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues (For example, whether fact and expert discovery be conducted in phases.) *See also* Proposed Dates For Scheduling, ¶ 21;

        (3) Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;

        (4) The steps already taken or that will be taken for preserving discoverable information, including ESI;

        (5) Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production;[1]

        (6) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.
.
    (b) Of whom and by when Plaintiff anticipates taking oral depositions.

    (c) Of whom and by when Defendant anticipates taking oral depositions.

---

[1] See the Court's website for the standard protective order.

    (d)    When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

    (e)    When the opposing party anticipates taking expert depositions and the anticipated completion date.

    (f)    Whether the Court should authorize the filing under seal of any documents containing confidential information.

    (g)    If the parties disagree on any part of the discovery plan, describe the opposing views.

13.    Specify any discovery beyond the initial disclosures that has taken place to date.

14.    State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.[2]

    a.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

    b.    Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

    c.    State whether a demand and an offer have been made.

    d.    If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.

15.    United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.[3]

16.    State whether a jury demand has been made and if it was made on time.

17.    Specify the approximate number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.

18.    List all pending motions.

---

[2] This must be a detailed answer. Do not submit a generic recitation that settlement was discussed but was unsuccessful.

[3] The Court urges parties to give this option serious consideration. Parties consenting should file the appropriate form (available on the Court's website) as soon as possible so that a Rule 16 management conference can be scheduled before the Magistrate Judge.

19. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Scheduling Conference.

20. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report, and Appear at Scheduling Conference**, listing the date of the original and any amendments.

21. <u>Proposed Dates for Scheduling</u>. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.

    **THE PARTIES SHOULD REVIEW THE COURT'S SAMPLE SCHEDULING AND DISCOVERY ORDER FOR FURTHER DESCRIPTION OF THE COURT'S DEADLINES AND EXPECTATIONS. THE FORM IS AVAILABLE ON THE COURT'S WEBSITE.**

**As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the Court's calendar.**

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Rule 26(f) meeting*** | September 1, 2015 | |
| **File case management plan*** | September 8, 2015 | |
| **Rule 16(b) scheduling conference*** | September 17, 2015, 9:00a.m. | |
| Deadline to serve initial disclosures | October 23, 2015 | |
| Deadline to add additional parties | November 6, 2015 | |
| Deadline to amend pleadings | November 6, 2015 | |

| | | |
|---|---|---|
| Deadline to file motions to dismiss | November 20, 2015 | |
| Deadline to exchange privilege logs | December 18, 2015 | |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | January 15, 2016 | |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | February 13, 2016 | |
| Deadline to notify Court of mediator | February 13, 2016 | |
| Discovery deadline | March 14, 2016 | |
| Deadline to complete **required** mediation | March 21, 2016 | |
| Deadline for dispositive motions (including *Daubert* motions) | March 28, 2016 | |
| Deadline for parties to exchange pretrial disclosures | May 13, 2016 | |
| Deadline for parties to exchange objections to pretrial disclosures | May 27, 2016 | |
| Deadline for parties to meet and confer on objections | June 3, 2016 | |
| Deadline to file pretrial materials | June 10, 2016 | |
| Deadline for parties to exchange exhibits | July 6, 2016 | |
| Pretrial conference and trial setting* | **July 11, 2016 at 9:00 a.m. in Lufkin, Texas** | |

**Signature of Counsel and Date:**