**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **CHARLES GRIMES** | § | |
| | § | |
| **v.** | § | **Civil Action No. 9:15-cv-74** |
| | § | |
| **COMPANION PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **AND TAUREAN SINGH** | § | |

**REPORT AND RECOMMENDATION
GRANTING PLAINTIFF'S MOTION TO REMAND**

Pursuant to 28 U.S.C. § 636, the District Court referred this matter to the undersigned United States Magistrate Judge for all pretrial matters. Pending before the Court is Plaintiff Charles Grimes's Motion to Remand with Supporting Brief ("Motion to Remand") (Doc. No. 12), asserting that this Court lacks federal diversity jurisdiction because Plaintiff and one of the defendants are both citizens of Texas. Defendants Companion Property and Casualty Insurance Company ("Companion Property") and Taurean Singh ("Singh") filed a response in opposition to Plaintiff's Motion to Remand, alleging that the non-diverse individual defendant was improperly joined. Having considered the parties' briefing, the record in the case, and the applicable law, the undersigned recommends that Plaintiff's Motion to Remand (Doc. No. 12) should be **GRANTED**.

**I.   BACKGROUND**

In or around January 2015, a fire significantly damaged Plaintiff's home located at 1633 Joskey Dykes Rd., Huntington, Texas. Pl.'s Orig. Pet. at ¶¶3-4 (Doc. No. 1-1). Plaintiff filed an insurance claim with Companion Property, and Companion Property assigned Singh as the claim adjuster responsible for investigating Plaintiff's claim. *Id.* at ¶4. Ultimately, based on his investigation, Singh denied Plaintiff's claim and Companion Property determined that no

payment was due to Plaintiff. *Id.* at ¶¶6, 9. Plaintiff avers that Singh improperly denied Plaintiff's claim because Singh (1) failed to perform a proper and complete investigation of the claim, (2) failed to determine whether Plaintiff used the home for regular habitation, (3) failed to determine whether the home contained personal property customary to the use of the home as a dwelling, and (4) failed to consider the "true facts of the claim." *Id.* at ¶7.

On April 21, 2015, Plaintiff filed an Original Petition in the District Court of Angelina County, Texas, alleging claims for breach of contract, breach of duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act (DTPA), violations of the Texas Insurance Code, and violations of the Prompt Payment of Claims Act against Companion Property. *Id.* at ¶¶9-17. Additionally, Plaintiff alleged separate claims for violations of the Texas Insurance Code and violations of the DTPA against Singh. *Id.* at ¶¶ 18-22. Less than one month later, on May 27, 2015, Defendants Companion Property and Singh removed to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. *See generally* Notice of Removal (Doc. No. 1). Shortly thereafter, Plaintiff filed the present Motion to Remand, requesting that this Court remand the case to Angelina County pursuant to 28 U.S.C. § 1447(c).

The citizenship of the three parties is undisputed: Plaintiff and Singh are both residents of Texas. *See* Orig. Pet. at 2 (Doc. No. 1-1); *See* Defs.' Resp. to Pl.'s Mot. to Remand at 1 (Doc. No. .13). Companion Property is not a resident of Texas. *See gen.* Defs.' Notice of Removal (Doc. No. 1).

II.   **LEGAL STANDARD**

A party may remove an action to federal court if the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). However, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively

made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. When a party alleges fraudulent or improper joinder, a court should disregard the citizenship of the improperly joined party. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc). There are two ways a party may establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. Under the second method, a court evaluates "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The inquiry should focus on the joinder, rather than on the merits of the plaintiff's case. *Id.* at 573.

"The party seeking removal bears a heavy burden of proving that the joinder of the [non-diverse] party was improper." *Id.* at 574. Specifically, a claim of fraudulent joinder must be pled in particularity and supported by clear and convincing evidence. *Grassi v. Ciba-Geigy, Ltd.,* 894 F. 2d 181, 186 (5th Cir. 1990). Also, in evaluating whether a party is improperly joined, a court must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law in Plaintiff's favor." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Therefore, "any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82.

### III. ANALYSIS

Plaintiff moves to remand this case to state court, claiming that there is a lack of complete diversity as both Plaintiff and Singh are citizens of Texas. *See gen.* Pl.'s Mot. to

Remand (Doc. No. 12). Defendants argue that Singh was improperly joined and as such, complete diversity exists and this Court has federal diversity jurisdiction. *See* Defs.' Resp. to Pl.'s Mot. to Remand (Doc. No. 13). Because Defendants do not allege an actual fraud in the pleading of jurisdictional facts, the Court evaluates Singh's joinder under the second *Smallwood* theory: whether Plaintiff is able to establish a cause of action against Singh in state court. So long as there is "arguably a reasonable basis for predicting that state law might impose liability" on Singh, then remand is proper. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

### A. The Texas Fair Notice Pleading Standard Applies

Recently, the Fifth Circuit confirmed that courts should analyze claims under the Texas fair notice pleading standard when determining whether a plaintiff has a reasonable basis for recovery. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) ("We hold, in accordance with at least three unpublished decisions of our court, that the Texas pleading standard applies.") (citing *Michels v. Safeco Ins. Co. of Ind.*, 544 Fed. Appx. 535, 538 (5th Cir. 2013) (unpublished) (per curiam); *Akerblom v. Ezra Holdings Ltd.*, 509 Fed. Appx. 340, 344–45 (5th Cir. 2013) (unpublished) (per curiam); *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 537–38 (5th Cir. 2005) (unpublished)). To satisfy the Texas pleading standard, a complaint must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a). "[T]he pleading need only allow 'an opposing attorney of reasonable competence . . . [to] ascertain the nature and basic issues of controversy and testimony probably relevant.'" *Int'l Energy Ventures*, 800 F.3d at 149 (quoting *Hayden v. Allstate Tex. Lloyds*, No. H-10-646, 2011 WL 240388, at *7 (S.D. Tex. Jan. 20, 2011)).

Furthermore, when determining removal jurisdiction, courts are not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim." *Guillory v. PPG Indus., Inc.,* 434 F. 3d 303, 309 (5th Cir. 2005). In fact, the Fifth Circuit has cautioned district courts against "pre-trying a case to determine removal jurisdiction." *See Cavalli v. State Farm Mut. Auto Ins. Co.,* 44 F. 3d 256, 263 (5th Cir. 1995). *See also Davis v. Travelers Lloyds of Tex. Ins. Co.,* No. 09-2260, 2009 WL 3255093 at *4 (S.D. Tex. Sept. 29, 2009) ("The issue of improper joinder hinges on whether the plaintiff can establish any potentially viable state-law cause of action against [the adjuster].").

### B. Plaintiff alleges a reasonable basis of recovery against the non-diverse defendant

Defendants appear to argue that Singh is fraudulently joined for three reasons. First, in their Notice of Removal, Defendants assert that Plaintiff is unable to establish a cause of action against Singh because the actions at issue can be accomplished by the insurer (i.e. Companion Property) and the insurer's actions are indistinguishable from the adjuster's actions. *See* Defs.' Notice of Removal at ¶8. Second, Defendants contend that Plaintiff's allegations against Singh are "conclusory, unspecific, and state no reasonable basis through which Plaintiff can predict recovery."[1] *See* Defs.' Resp. to Pl.'s Mot. to Remand at pg. 4 (Doc. No. 13). Third, Defendants argue that the "vacancy" clause in the insurance policy justifies Singh's actions and rebuts a number of Plaintiff's claims against Singh. *Id.* at pg. 4. The Court will address each argument in turn.

---

[1] As an initial matter, Plaintiff argues that Defendants waived their second argument because they failed to raise this argument in their Notice of Removal. Plaintiff does not cite to any law to support his assertion. A review of the removal statute confirms that the statute merely instructs the removing party to file a Notice of Removal "containing a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). As such, the Court finds that Defendants have not waived their second argument and will consider this argument in its analysis as to whether the Court possesses removal jurisdiction of this case.

As to their first point, Defendants argue Plaintiff cannot state a claim against Singh because Singh's actions can be accomplished through Companion Property, and the claims against Companion Property are identical to the claims against Singh. *See* Defs.' Notice of Removal at ¶ 8. The Court is not persuaded by Defendants' argument. To begin with, a review of Plaintiff's Original Petition reveals that Plaintiff states independent actionable conduct against Singh. Plaintiff lodges violations of the Texas Insurance Code and DTPA against Singh, asserting, among other things, that Singh misrepresented coverage as well as improperly investigated and denied Plaintiff's claim. *See* Pl.'s Orig. Pet. at ¶18 (Doc. No. 1-1). Although Plaintiff raises similar claims against Companion Property, he specifically complains that Singh conducted an unreasonable investigation of his claim, failed to make any inquiries as to the personal property in the dwelling, and failed to investigate the fact that Plaintiff and/or his family occupied the home within 60 days of the fire. *Id.*

Moreover, the law is well-settled: adjusters, like Singh, can be held individually liable under the Texas Insurance Code and the DTPA. *See Gasch.,* 491 F. 3d at 282 (finding that Article 21.21 of the Texas Insurance Code authorizes actions against insurance adjusters in their individual capacity and thus insurance adjuster was not improperly joined to the lawsuit); *see also, e.g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W. 2d 482, 484 (Tex. 1998); *Griggs,* 181 F. 3d at 701. In fact, courts within the Eastern District have repeatedly found that adjusters, like Singh, are at least potentially liable under the Texas Insurance Code and remanded such cases to state court. *See Brode v. Foremost Ins. Co.,* No. 1:15-cv-118, 2015 WL 3622522, at *6 (E.D. Tex., June 9, 2015) (granting remand because plaintiff pleaded at least a single valid cause of action against the in-state defendant adjuster); *Escuadra v. Geovera Specialty Ins. Co.,* 739 F.Supp.2d 967, 985 (E.D. Tex. 2010) (granting remand because plaintiff's

factual allegations state a plausible claim for plaintiff to recover against defendant insurance adjuster); *Jones v. Ace American Ins. Co.,* No. 1:06–CV–616, 2006 WL 3826998, at *7 (E.D.Tex., Dec. 22, 2006) (remanding case because plaintiff alleged a possible cause of action against in-state defendant adjuster). Thus, it is of no consequence that Plaintiff's claims against Singh may be identical to his claims against Companion Property as Plaintiff can establish liability and recover from both Defendants.

For their second point, Defendants contend that Plaintiff's allegations against Singh are "conclusory, unspecific, and state no reasonable basis through which [Plaintiff] can predict recovery against Singh." Defs.' Resp. to Pl.'s Mot. to Remand at pg. 4 (Doc. No. 13). *See Studer v. State Farm Lloyds*, Case No. 4:13-cv-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014) ("Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.") (citing *Griggs*, 181 F.3d at 699). Defendants rely heavily on *Holmes v. Acceptance Casualty Ins., Co.,* 942 F. Supp. 2d 637 (E.D. Tex. 2013) to support their argument, explaining that the case at bar falls within the four corners of *Holmes.*

The Court disagrees. In *Holmes,* the plaintiff's statement of facts consisted of four sentences, which stated as follows:

> On or about May 20, 2012, Plaintiffs [sic] home was damaged due to a fire. Upon inspection of the home at 7960 Wade Road, Orange, Texas, she discovered extensive damage to the home and her personal property caused by the fire. Immediately after discovering the damage, Mrs. Holmes notified the defendants and filed a claim for the damage to the structure of her home and loss of her personal property caused by the fire. The Defendants have refused to fully compensate Mrs. Holmes for her loss.

942 F. Supp. 2d at 647. The plaintiff neither identified the adjuster nor described any factual allegation specific to the adjuster. As for the causes of action, the *Holmes* plaintiff merely

parroted the provisions of the DTPA and Texas Insurance Code, failing to supplement these causes of action with facts specific to her case. *Id.*

In contrast to *Holmes*, Plaintiff's Original Petition sets forth specific factual allegations to justify probable recovery on his claims against Singh. To illustrate, Plaintiff alleges that his home sustained damage, that he filed an insurance claim with Companion Property, that Companion Property assigned Singh to investigate the claim, and that Singh and Companion Property failed to fulfill their tasks in compliance with the law. *See* Pl.'s Orig. Pet. at ¶¶3-8. The Original Petition further lists specific ways in which Singh violated the law, including, among other things, (1) denying Plaintiff's claim based on the incorrect position that Plaintiff's policy did not insure the home located at 1633 Joskey Dykes Rd., Huntington, Texas, (2) failing to inquire as to the personal property in the dwelling or the dates that Plaintiff and his family resided in the property, (3) "look[ing] for ways to twist . . . Plaintiff's words and justify another denial of the claim," and (4) improperly denying Plaintiff's claim a second time. *Id.* at ¶6. Plaintiff then explains that Singh's second denial was improper because Singh failed to perform a proper and complete investigation of the claim, failed to determine whether Plaintiff used the home for regular habitation, failed to determine whether the home contained personal property customary to the use of the home as a dwelling, and ignored the true facts of Plaintiff's claim. *Id.* at ¶7.

Unlike *Holmes*, Plaintiff sufficiently alerted Singh of the basic controversy against him. Courts have consistently found that the facts as set forth in Plaintiff's Original Petition are sufficient to provide defendants with fair and adequate notice of a plaintiff's claim. *See, e.g., Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3:11-cv- 0971, 2012 WL 176572, at *5 (N.D. Tex. Jan. 6, 2012); *Johnson v. Zurich Am. Ins. Co., et al.*, No. 3:11-cv-0344, 2011 WL

3111919, at *3-4 (N.D. Tex. June 29, 2011); *Rankin Road, Inc. v. Underwriters at Lloyds of London,* 744 F. Supp. 2d 630, 636 (S.D. Tex. 2010); *Harris v. Allstate Tex. Lloyd's,* No. 10-0753, 2010 WL 1790744, at *4 (S.D. Tex. Apr. 30, 2010). On these bases, Plaintiff's allegations in his Original Petition are not conclusory or unspecific. Instead, resolving all issues of material fact in Plaintiff's favor, the Court finds that there is a reasonable basis to predict that Plaintiff may be able to recover against Singh. *Griggs*, 181 F.3d at 699.

Finally, Defendants assert that any allegation based on whether Singh inspected or inquired about the personal property inside the home is irrelevant and should not be considered a reasonable basis upon which Plaintiff can predict liability because the insurance policy at issue contained a "vacancy" clause justifying Singh's actions. *See* Defs.' Resp. to Pl.'s Mot. to Remand at 4 (Doc. No. 13). Plaintiff correctly points out that Defendant's third argument attempts to shift the burden to Plaintiff to establish reasonable probability of recovery from Singh. *See* Pl.'s Reply at 8 (Doc. No. 14). As established above, Plaintiff does not bear such a burden at this stage of the litigation. Rather, at this time, Defendants bear the burden of demonstrating that there is absolutely no possibility that Plaintiff will be able to establish a cause of action against Singh, the non-diverse defendant. *Smallwood*, 385 F.3d at 73. Accordingly, Defendants' third argument misses the mark and is not an appropriate argument at this juncture of the litigation.

For the reasons set forth above, Plaintiff's allegations are sufficient to provide fair notice of his theory that Singh violated the DTPA and the Texas Insurance Code. Due to at least one potentially viable claim against Singh, the non-diverse defendant, the Court finds Singh is not improperly joined. Consequently, this Court is deprived of diversity jurisdiction and must remand the case to state court.

## IV. CONCLUSION AND RECOMMENDATION

Having conducted the necessary inquiry, the Court finds that Defendants failed to carry their heavy burden of demonstrating that the non-diverse defendant, Singh, is improperly joined. Therefore, this Court is divested of subject matter jurisdiction and must remand this case to state court. The undersigned hereby recommends **GRANTING** Plaintiff's Motion to Remand (Doc. No. 12) and remanding this case to the 217th Judicial District Court of Angelina County, Texas for further proceedings.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. An*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**It is SO ORDERED.**

**SIGNED this the 12nd day of September, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE