IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES GRIMES, | § | |
| | § | |
| *Plaintiff,* | § | |
| V. | § | |
| | § | |
| COMPANION PROPERTY AND | § | CIVIL ACTION NO. 9:15-CV-00074 |
| CASUALTY INSURANCE COMPANY | § | |
| AND TAUREAN SINGH, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM ORDER

Pursuant to General Order 14-10 and 28 U.S.C. § 636, this case was directly assigned to United States Magistrate Judge Keith F. Giblin for pretrial matters. On September 12, 2016, Judge Giblin entered his Report and Recommendation ("Report") (Doc. No. 33) recommending that the District Court grant Plaintiff Charles Grimes's Motion to Remand (Doc. No. 12) and remand the above-referenced case to the 217th Judicial District Court of Angelina County, Texas. Upon entry of the Report, this case was assigned to this Court as the presiding judge.

On September 22, 2016, Defendants Companion Property and Casualty Insurance ("Companion") Company and Taurean Singh ("Singh") (collectively, "Defendants") objected to the Report.[1] *See* Defs.' Objs. (Doc. No. 36). Plaintiff Charles Grimes then filed a response to Defendants' objections. *See* Pl.'s Resp. to Defs.' Objs. (Doc. No. 37).

In their objections, Defendants argue that the Report improperly applied the Texas fair notice pleading standard to determine whether Singh, a non-diverse defendant, was properly joined to the above-referenced case. *See* Defs.' Objs. at 2 (Doc. No. 36). Defendants explain

---

[1] Defendants' objection was eight pages long. Although Defendants' objection exceeded the page limit for objections to a magistrate judge's order (*see* Local Rule CV-72(b)), this Court granted Defendants' Motion for Leave to Consider Additional Pages (Doc. No. 39). *See* Order (Doc. No. 40). As such, the Court has considered all eight pages of Defendants' objection in this Order.

1

that the federal pleading standard actually applies, and under that standard, Plaintiff is unable to maintain a cause of action against Singh, rendering joinder improper. *Id.* at 7-8. Defendants then contend that because Singh was improperly joined, this Court retains jurisdiction of the above-referenced case. *Id.* Defendants alternatively assert that even if the Texas pleading standard applies, improper joinder still exists. *Id.* at 8. Finally, Defendants claim that because this Court retains jurisdiction, Defendants' Motion for Summary Judgment must be considered. *Id.*

Plaintiff responds to Defendants' objections and claims that regardless of which standard applies, the Report properly found that Plaintiff alleged a viable cause of action against Singh. *See* Pl.'s Resp. to Defs.' Obj. at 2. Plaintiff further highlights that Defendants did not specifically object to the Report's rejection of Defendants' arguments that Plaintiff's allegations were conclusory, unspecific, and state no reasonable basis through which Plaintiff can predict recovery against Singh. *Id.* at 3. Nor did Defendants object to the Report's determination that Defendant's argument regarding the policy's "vacancy" clause was inappropriate to raise at this juncture of the litigation.

The Court has conducted a careful *de novo* review of Defendants' objections and sustains only Defendants' objection that the federal pleading standard should apply. The Court overrules the remainder of Defendants' objections and finds that Singh was properly joined to the above-referenced case. Consequently, this Court does not possess jurisdiction of this case, and it must be remanded to the 217th Judicial District Court of Angelina County, Texas.

**DISCUSSION**

As a preliminary matter, the Court notes Defendants discuss the federal pleading standard for the first time in their objections to Judge Giblin's Report. In Plaintiff's Motion to Remand,

Plaintiff averred that the Texas fair notice pleading standard should apply when determining whether Singh was improperly joined. *See* Pl.'s Mot. to Remand at 8-11 (Doc. No. 12). Defendants did not dispute the application of the Texas fair notice pleading standard in their response to Plaintiff's Motion to Remand. *See* Defs.' Resp. to Pl.'s Mot to Remand at 2-7 (Doc. No. 13). In fact, Defendants relied heavily on *Holmes v. Acceptance Cas. Ins. Co.,* 942 F. Supp. 2d 367 (E.D. Tex. 2013) to support their arguments. In *Holmes,* the court applied the Texas fair notice pleading standard but found improper joinder and denied the plaintiff's motion to remand. *Id.* at 646, 648. Moreover, while it is true that the Fifth Circuit recently clarified that the federal pleading standard should apply in an improper-joinder analysis, neither Defendants nor Plaintiff filed any supplemental motion or notice to assert an argument under this standard.

All that being said, the Court agrees with Defendant and concludes that the federal pleading standard is the appropriate standard to use when determining whether a non-diverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt. v. United Energy Grp., Ltd.,* 818 F. 3d 193, 200, 208 (5th Cir. 2016). As the Fifth Circuit further explained:

> [A] non-diverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief *may* be granted. Conversely, if the plaintiff has stated a claim against a non-diverse defendant on which relief may be granted, a federal court is without jurisdiction – over that claim, and by extension, over any claims.

*Id.* at 202. Accordingly, the Court will sustain Defendant's objection on this point only.

As for the remainder of Defendants' objections, the Court finds these objections to be meritless. Defendants further object to Judge Giblin's findings that (1) Plaintiff's allegations in his Original Petition are not conclusory or unspecific and (2) there is a reasonable basis to predict that Plaintiff may recover against Singh. *See* Report at 9 (Doc. No. 33). Specifically, Defendants contend that Plaintiff's Original Petition fails to satisfy the requirements as set forth

3

in Federal Rules of Civil Procedure 12(b)(6) and 8(a). *See* Defs.' Objs. at 6-9 (Doc. No. 36). The Court disagrees. As Judge Giblin correctly noted, Plaintiff's Original Petition sets out specific factual allegations to justify probable recovery on his claims against Singh. *See* Report at 8 (Doc. No. 33).

Generally, the joinder of a non-diverse defendant is proper as long as the plaintiff's petition contains factual allegations sufficient to render one of the alleged statutory claims plausible. *Escuadra v. Geovera Specialty Ins. Co.,* 739 F. Supp. 2d 967, 985 (E.D. Tex. 2010). "In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabaino,* 120 F. 3d 589, 591 (5th Cir. 1997); *see also Guillory v. PPG Indus., Inc.,* 434 F. 3d 303, 308-09 (5th Cir. 2005). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder," and the case must be remanded for lack of diversity. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F. 3d 305, 312 (5th Cir. 20002). Thus, the question for the Court is whether Defendants have shown that Plaintiff has no possibility of establishing a valid cause of action against Singh.

After reviewing the pleadings and motions, the Court agrees with the Report and finds that Plaintiff's Original Petition establishes a potentially viable cause of action against Singh. In their objections, Defendants appear to demand a level of specificity from Plaintiff's Original Petition that is not required by law. *See* Defs.' Objs. at 6-7. To illustrate, this court recently applied the federal pleading standard and found that the plaintiffs alleged sufficient facts to support a claim against the non-diverse defendant for violating Section 541.060(a)(2)(A) of the Texas Insurance Code. *Simmons v. Northfield Ins. Co.,* 4:15-cv-374, 2015 WL 5162369, at *4

(E.D. Tex. Sept. 2, 2015). In *Simmons,* the plaintiffs alleged that the insurance adjuster "misrepresent[ed] the damages to each of the seven properties by a total of over $100,000, and refus[ed] to identify the extent of the damage to the structures that were covered under the Policy." *Id.* The plaintiffs further alleged that the adjuster's misrepresentations caused the insurance company to "underpay" on their insurance claim. *Id.* No further information was provided as to *how* the adjuster misrepresented the damages to the seven properties. Nor did the plaintiffs explain *how* the adjuster refused to identify the extent of the damage to the structures. Yet, this court held that these facts were sufficient to support a claim against the adjuster in his individual capacity, found that joinder was proper, and remanded the case to state court. *Id.*

Just as *Simmons*, Plaintiff provided specific facts to support his claims that Singh violated the Texas Insurance Code and the Deceptive Trade Practices Act. As Judge Giblin summarized in his Report, Plaintiff's Original Petition avers that Singh violated the law by, among other things, (1) denying Plaintiff's claim based on the incorrect position that Plaintiff's policy did not insure the home located at 1633 Joskey Dykes Rd., Huntington, Texas, (2) failing to inquire as to the personal property in the dwelling or the dates that Plaintiff and his family resided in the property, (3) "look[ing] for ways to twist . . . Plaintiff's words and justify another denial of the claim," and (4) improperly denying Plaintiff's claim a second time. *See* Report at 8 (Doc. No. 33).

Plaintiff proceeds to explain that Singh's second denial was improper because Singh failed to perform a proper and complete investigation of the claim, failed to determine whether Plaintiff used the home for regular habitation, failed to determine whether the home contained personal property customary to the use of the home as a dwelling, and ignored the true facts of Plaintiff's claim. *Id.* Therefore, even applying the federal pleading standard, the Court agrees

5

with Judge Giblin and finds that Defendants have not carried their "heavy" burden of proving that Singh was improperly joined. *Great Plains Trust Co.,* 313 F. 3d at 312. In fact, other courts within the Fifth Circuit have applied the federal pleading standard and concluded that joinder was proper with facts similar to those pleaded in this case. *See, e.g., Robinson v. Allstate Tex. Lloyds and Timothy James Wesneski,* No. 16-1569, 2016 WL 3745962, at *1 (S.D. Tex. July 13, 2016); *Chen v. Metropolitan Lloyds Ins. Co. of Tex. and Christopher Buchanan,* No. 4:15-cv-501, 2016 WL 675805, at *1 (E.D. Tex. Feb. 15, 2016). Accordingly, the Court overrules Defendants' remaining objections and finds that Singh was properly joined to this case. Because Singh was properly joined, his citizenship cannot be disregarded and diversity jurisdiction is destroyed.

Turning to Defendants' objection that improper joinder exists even with the application of Texas fair notice pleading standard. The Court rules that this objection has been rendered moot because the Court sustained Defendants' objection and held that the federal pleading standard applies to the case at bar.

Finally, as noted above, the Court overruled the remainder of Defendants' objections and agreed with Judge Giblin's Report that this action must be remanded. Thus, because Singh's citizenship destroys diversity jurisdiction, the Court does not possess jurisdiction of the above-referenced case and Defendants' Motion for Summary Judgment was properly denied as moot.

## CONCLUSION

The Court has considered each of Defendants' objections, Plaintiff's response, and the Judge Giblin's Report. Having conducted a *de novo* review, the Court sustains in part and grants in part Defendants' objections to the Report and Recommendation (Doc. No. 33) with respect to

the application of the federal pleading standard to an improper-joinder analysis.  The remainder of Defendants' objections is overruled and denied.

**IT IS THEREFORE ORDERED** that Defendants Companion Property and Casualty Insurance Company and Taurean Singh's Objection to the Report and Recommendation [Doc. No. 33] is **SUSTAINED IN PART AND GRANTED IN PART.**  The Report and Recommendation is **OVERRULED** to the extent that it applies the Texas fair notice pleading standard to the analysis as to whether Singh was fraudulently joined to this case.  Otherwise, the Report and Recommended is **ADOPTED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff Charles Grimes's Motion to Remand with Supporting Brief (Doc. No. 12) is **GRANTED.**  This case is hereby **REMANDED** to the 217th Judicial District Court of Angelina County, Texas for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall forward a copy of this Order to the District Clerk, Angelina County, Texas, for the filing with the papers in Cause No. 00278-15-04.

So **ORDERED** and **SIGNED** this **17** day of **November, 2016.**

_____
Ron Clark, United States District Judge